**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| MICHAEL PENNEL JR.<br>493 North 9th Street<br>De Pere, WI 54115,<br><br>Plaintiff/Movant,<br><br>v.<br><br>NATIONAL FOOTBALL LEAGUE PLAYERS ASSOCIATION<br>1133 20th Street NW<br>Washington, DC 20036<br><br>and<br><br>NATIONAL FOOTBALL LEAGUE<br>345 Park Avenue<br>New York, NY 10154<br><br>and<br><br>NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL<br>345 Park Avenue,<br>New York, NY 10154,<br><br>Defendants/Respondents. | ) | Case No. 1:16-cv-02889<br><br>Judge ___________________<br><br>**Verified Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction, Motion Requesting that the Court Designate and Appoint Arbitrator, and Request for a Declaratory Judgment** |

## BACKGROUND

Pursuant to Section 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 5, Plaintiff/Movant Michael Pennel Jr. ("Pennel") respectfully moves this Court for an order designating and appointing an arbitrator to hear his pending discipline arbitration. The arbitrator currently assigned to hear Mr. Pennel's arbitration was improperly assigned, as Defendants the National Football League Players Association ("NFLPA"), the National Football League ("NFL"), and the National Football League Management Council ("NFLMC")(collectively,

"Defendants") failed to abide by the arbitrator selection and assignment provisions and procedure set forth in the attached arbitration agreement (Exhibit A).

Because Defendants' failure to abide by and enforce the arbitration procedure as written will cause Pennel irreparable harm and injury, Pennel also respectfully requests that this Court enjoin the arbitration of his pending discipline, including all pre-hearing submissions and activities, pending this Court's appointment of an arbitrator.

Pennel further pleads as follows:

## PARTIES

1.      Pennel is resident of the State of Wisconsin who is employed as a professional football player by the NFL Green Bay Packers franchise and resides at 493 North 9th Street, De Pere, WI 54115.

2.      The NFLPA, located at 1133 20th Street, NW, Washington, DC 20036, is an employee organization recognized as the exclusive bargaining representative of professional football players employed by the 32 NFL franchises, one of which is located within this District.

3.      The NFL, located at 345 Park Avenue, New York, NY 10154, is an unincorporated association of 32 separately owned and operated professional football franchises, one of which is located within this District.

4.      The NFLMC, located at 345 Park Avenue, New York, NY 10154, is an entity that represents the 32 separately owned and operated professional football franchises, one of which is located within this District, in collective bargaining and labor relations and provides such representation in this District.

## JURISDICTION AND VENUE

5.      This is an action pursuant to Section 5 of the FAA, 9 U.S.C. § 5, Section 301 of

the Labor Management Relations Act, 29 U.S.C. § 185 and Section 2201 of the Declaratory Judgments Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1331.

6. The NFLPA represents and derives revenues from professional football players employed within this District.

7. The NFL and the NFLMC derive revenues from professional football games played within this District.

8. The NFL and the NFLMC derive revenues from professional football memorabilia and merchandise sold within this District.

9. On or about August 7, 2016, while employed by the Green Bay Packers NFL franchise, Pennel worked as a professional football player in Canton, Ohio, which is within this District.

10. Venue is proper in this Court under 28 U.S.C. § 1391 and 29 U.S.C. § 185, as the NFL, the NFLMC, the NFLPA, and Pennel regularly transact business in this District.

**FACTS**

11. The NFLMC manages an association of 32 professional football franchises comprising the NFL.

12. The NFLMC negotiated a collective bargaining agreement and employment policies with the NFLPA governing the terms and conditions of Pennel's employment.

13. The NFLMC allegedly negotiated a Policy and Program on Substances of Abuse with the NFLPA (the "Policy"). A true and accurate copy of the current Policy the NFLMC alleges it negotiated with the NFLPA is attached as Exhibit A.

14. The Policy is a collectively bargained agreement.

15. Pennel is a member of the NFLPA.

16. Section 1.5 of this Policy grants authority to discipline Players for violations of the Policy.

17. The NFLMC is attempting to impose discipline upon Pennel under the Policy.

18. Section 4 of this Policy grants players the right to appeal the NFLMC's disciplinary decisions to arbitration.

19. Section 4.1 of the Policy provides a specific method for the naming and appointing of arbitrators to hear appeals, which states, in relevant part, as follows:

> The Parties shall jointly select and be equally responsible for compensating **no fewer than three but no more than five arbitrators** to act as hearing officers for appeals under Section 1.5 of this Policy. Such arbitrators shall have appropriate expertise in matters under this Policy and shall be active members in good standing of a state bar.

Exhibit A at p. 22 (emphasis added).

20. Section 4.1 of the Policy does not name specific arbitrators but states that there shall be no fewer than three and no more than five arbitrators designated to hear appeals under the Policy.

21. Per the express terms of this Policy, arbitrators are assigned to hear specific Section 1.5 appeals as follows, in relevant part:

> The selected group of arbitrators shall designate one of its members to be the Notice Arbitrator, who also will be responsible for assignment of the appeals. Prior to the first preseason game, the Notice Arbitrator will ensure that at least one arbitrator is assigned to cover every Tuesday of the playing season through the Super Bowl. Appeals will automatically be assigned to the arbitrator assigned to cover the fourth Tuesday following the date on which the Player is notified of discipline.

Exhibit A at pp. 22-23.

22. By a letter dated November 8, 2016, Adolpho A. Birch III, Senior Vice President

of Labor Policy & League Affairs for the NFL, notified Pennel that he faced discipline for an alleged Policy violation, including his right to appeal under the Policy.

23. On November 11, 2016, under Section 4.2 of the Policy, Pennel timely appealed to arbitration the pending discipline referenced in Adolpho Birch III's November 8, 2016.

24. Pennel's appeal is scheduled to take place on December 6, 2016.

25. On November 23, 2016, counsel for the NFLMC notified Pennel via email to his counsel that, contrary to the express terms of Section 4 of the Policy, there are only two arbitrators available for assignment to hear appeals under the Policy. A true and accurate copy of this email is attached as Exhibit B.

26. Upon information and belief, there is no designated "Notice Arbitrator," despite the Policy requiring one.

27. Upon information and belief, Arbitrators are not scheduled in accordance with the written terms of the Policy.

28. Upon information and belief, Defendants did not follow the agreed-to method for naming and appointing arbitrators to hear Pennel's appeal to arbitration under the Policy.

29. The failure to appoint an arbitrator in accordance with the collectively bargained Policy denies Pennel substantive rights that will cause him irreparable harm, injury, and damage.

30. The injury and damage to Pennel includes, but is not limited to, substantial reputational damages, the shortening of his career, and the inability to find like work for which money damages will not adequately compensate him.

**FIRSTCAUSE OF ACTION**
**(Motion under the FAA, 9 U.S.C. § 5, to Designate and Appoint Arbitrator)**

31. Pennel incorporates by reference the averments of the proceeding paragraphs, as if fully restated herein.

32. Section 5 of the FAA provides that:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.
> ***

33. Section 4.1 of the Policy requires that there be no fewer than three arbitrators to as act as hearing officers for appeals under Section 1.5 of the Policy.

34. As of the date of this filing, and as confirmed by the NFLMC's counsel on November 23, 2016, there are only two arbitrators available for assignment to hear appeals under the Policy. *See* Exhibit B.

35. On or before November 28, 2016, the NFLMC was required to produce documentation authorizing the use of only two arbitrators under the Policy. The NFLMC did not produce any such documentation.

36. Section 4.1 of the Policy requires that one of the three to five arbitrators designated to hear appeals under the Policy be designated as the "Notice Arbitrator" who is responsible for ensuring that at least one arbitrator is scheduled to hear appeals on every Tuesday of the playing season through the Super Bowl.

37. Upon information and belief, as of the date of this filing, there is no Notice Arbitrator as required by the express written terms of the Policy.

38. Upon information and belief, as of the date of this filing, arbitrators are not assigned to hear appeals per the express written terms of the Policy.

39. There has been a lapse in express provisions of the Policy regarding the method of naming and appointing an arbitrator for Pennel's appeal.

40. The NFLPA failed to abide by its duty of fair representation to Pennel by allowing the lapse in express provisions of the Policy regarding the method of naming and appointing an arbitrator for Pennel's appeal.

41. Under Section 5 of the FAA, failure to abide by the Policy's procedure for naming an arbitrator to hear Pennel's appeal authorizes this Court to name an arbitrator to hear Pennel's appeal.

42. Pennel is entitled to a temporary restraining order, preliminary injunctive relief, and permanent injunctive relief enjoining and restraining Defendants from proceeding with his appeal hearing scheduled for December 6, 2016, including all pre-hearing submissions and activities.

**SECOND CAUSE OF ACTION**
**(Request for a Declaratory Judgment under 28 U.S.C. § 2201)**

43. Pennel incorporates by reference the averments of the proceeding paragraphs, as if fully restated herein.

44. The Policy expressly requires that Defendants maintain no fewer than three arbitrators to hear Section 1.5 appeals.

45. The Policy expressly requires that one of the arbitrators is designated as the "Notice Arbitrator" and that the Notice Arbitrator assign arbitrators to cover every Tuesday of the playing season through the Super Bowl.

46. Counsel for the NFLMC has admitted that there are fewer than three arbitrators to hear Section 1.5 appeals. *See* Exhibit B.

47. Upon information and belief, as of the date of this filing, there is no Notice

Arbitrator as required by the express written terms of the Policy.

48. Upon information and belief, as of the date of this filing, arbitrators are not assigned to hear appeals per the express written terms of the Policy.

49. A real and justiciable controversy exists between Pennel on one hand and Defendants on the other concerning whether the Defendants ongoing failure and/or refusal to comply with the arbitrator appointment and assignment terms of the Policy breaches the Policy.

50. A real and justiciable controversy exists between Pennel on one hand and Defendants on the other concerning whether the Policy entitles Pennel to have his appeal heard by a neutral arbitrator appointed and assigned according to the terms of the Policy.

51. Pennel faces a significant loss of income and due process rights under the Policy if Defendants are allowed to breach the Policy and deny Pennel protections to which he is entitled.

52. Pursuant to 28 U.S.C. § 2201, Pennel is entitled to a declaratory judgment that:

a. Defendants are in violation of the Policy's requirements regarding appointment and assignment of arbitrators; and

b. The Policy entitles Pennel to have his appeal heard by an arbitrator appointed and assigned in accordance with the express provisions of the Policy.

53. The Attorney Certification required by Federal Rule of Civil Procedure 65 is attached as Exhibit C.

**PRAYER FOR RELIEF**

Pennel prays for the following relief:

a. That this Honorable Court designate and appoint a neutral arbitrator to

hear his appeal;

b. That this Honorable Court enjoin the arbitration of his appeal under the Policy, including any pre-hearing submissions and activities, until such time as this Honorable Court appoints a neutral arbitrator to hear Pennel's appeal;

c. The declarations described above.

d. That this Honorable Court require Defendants to pay his costs and attorneys' fees associated with this application; and

e. That this Honorable Court award Pennel any other legal or equitable relief, which it deems just, equitable, and proper.

Respectfully submitted,

**ZASHIN & RICH CO., L.P.A.**

*s/ Stephen S. Zashin*
**Stephen S. Zashin - OH # 0064557**
ssz@zrlaw.com
**Patrick J. Hoban - OH #0079794**
pjh@zrlaw.com
**David R. Vance - OH #083842**
drv@zrlaw.com
Ernst & Young Tower
950 Main Avenue, 4th Floor
Cleveland, OH 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618

***Attorneys for Plaintiff/Movant, Michael Pennel Jr.***

**CERTIFICATE OF SERVICE**

I certify that on November 29, I electronically filed the forgoing document and served the same on attorneys for the Defendants/Respondents via email:

Joe Briggs, Esq.
1133 20th Street NW
Washington, DC 20036
Joe.Briggs@nflpa.com

***Attorney for Defendant/Respondent, The NFLPA***

and

Kevin Manara, Esq.
345 Park Avenue,
New York, NY 10154
Kevin.Manara@nfl.com

***Attorney for Defendants/Respondents, The NFL and NFLMC***

*s/ Stephen S. Zashin*
Stephen S. Zashin - OH # 0064557
ssz@zrlaw.com
Patrick J. Hoban - OH #0079794
pjh@zrlaw.com
David R. Vance - OH #083842
drv@zrlaw.com
ZASHIN & RICH CO., L.P.A.
Ernst & Young Tower
950 Main Avenue, 4th Floor
Cleveland, OH 44113
Telephone: (216) 696-4441
Facsimile: (216) 696-1618

***Attorneys for Plaintiff/Movant, Michael Pennel Jr.***

**VERIFICATION**

I, Michael Pennel Jr., based on my personal knowledge and pursuant to 28 U.S.C. § 1746 declare that I have personal knowledge of the facts in the foregoing Verified Complaint and that these facts are true to the best of my knowledge, information, and belief.

FURTHER DECLARANT SAYETH NAUGHT.

I declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Executed on November 29, 2016.

Michael Pennel Jr.